UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,           ) | |
| ) | |
| Plaintiff,           ) | Case No.: 2:13-cr-00186-GMN-VCF |
| vs.           ) | |
| ) | **ORDER** |
| ABDUL HOWARD,           ) | |
| ) | |
| Defendants.           ) | |
| ) | |

Following a trial in which he was found guilty of, *inter alia*, fourteen counts of interference with commerce by robbery, Defendant Abdul Howard ("Defendant") filed a *pro se* Request to the Court (ECF No. 231) on October 16, 2014, seeking to postpone his sentencing hearing and order the Probation Office to interview him in preparation for creating a presentence report. In an Order entered on October 21, 2014, the Court granted Defendant's Request, reset the sentencing hearing for a later date, and ordered that the Probation Office interview Defendant. (Order, ECF No. 232). Following this Order, Defendant's counsel filed an *Ex Parte* Motion (ECF No. 233) asking the Court to rescind the portion of the Order directing the Probation Office to interview Defendant because she believed such an interview would not be in Defendant's best interest and the decision on whether to conduct an interview was a strategic choice to be made at counsel's discretion.

Under the United States Constitution, criminal defendants possess certain rights—such as the right to testify—which may only be relinquished by the defendant himself. *United States v. Gillenwater*, 717 F.3d 1070, 1079 (9th Cir. 2013). Furthermore, this right to testify extends not just to the trial itself, but also applies to some extrajudicial proceedings that are entitled to procedural due process protection. *Id.* at 1078 (finding a constitutional right to testify at a

competency hearing).  However, the Ninth Circuit has held that due process protections such as *Miranda* warnings, the right to presence of counsel, and the right of a defendant to be present do not apply to non-critical proceedings like a routine presentence interview by a probation officer in a non-capital case. *See Baumann v. United States*, 692 F.2d 565, 576 (9th Cir. 1982); *see also United States v. Benford*, 574 F.3d 1228, 1232–33 (9th Cir. 2009); *United States v. Leonti*, 326 F.3d 1111, 1119 (9th Cir. 2003); *Hoffman v. Arave*, 236 F.3d 523, 539 (9th Cir. 2001); *Gutierrez v. Alameida*, 120 F. App'x 81, 82 (9th Cir. 2005).  It logically follows that because presentence interviews in non-capital cases are not critical proceedings, a defendant does not possess a right to testify and participate in such interviews over the objection of counsel. *Cf. Gillenwater*, 717 F.3d at 1077 n.5 (finding as part of the analysis in determining that a defendant does have a constitutional right to testify at a competency hearing that such hearings are a "critical stage" of the adversarial process).  Instead, the decision of whether to participate in a presentence interview is the type of strategic decision generally left to the discretion of counsel. *See United States v. Holler*, EDCV 10-00288 VAP, 2011 WL 2682142, at *7 (C.D. Cal. July 6, 2011) ("Defendant's counsel's strategic decision to advise Defendant not to submit to a pre-sentence interview was not unreasonable and is entitled to a 'heavy measure of deference.'").  Accordingly,

**IT IS HEREBY ORDERED** that Defendant's counsel's *Ex Parte* Motion (ECF No. 233) is **GRANTED**. The Court rescinds the portion of its October 21, 2014 Order (ECF No. 232) directing the Probation Office to conduct a presentence interview of Defendant.

**DATED** this 28th day of October, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Judge