**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

UNITED STATES OF AMERICA, )
) Case No.: 2:13-cr-00186-GMN-VCF
Plaintiff, )
vs. ) **ORDER**
)
ABDUL HOWARD, *aka* LESLEY LONG, )
)
Defendant. )
)

Pending before the Court are two Motions to Withdraw Counsel and Appoint Counsel, (ECF Nos. 305, 311), filed by Defendant Abdul Howard ("Defendant"). Defendant seeks to remove his current counsel, Todd M. Leventhal, whom the Court appointed as appellate counsel on January 9, 2015, to assist with Defendant's direct appeal of his conviction. (Min. Proceedings, ECF No. 243); (Order, ECF No. 242). Because the United States Court of Appeals for the Ninth Circuit affirmed Defendant's conviction upon direct appeal in 2016, Mr. Leventhal appears to have concluded his appointed duty. (USCA Op., ECF No. 293). Accordingly, Defendant's request to remove Mr. Leventhal as counsel is granted.[1] Mr. Leventhal shall, as soon as possible, return Defendant's file to Defendant.[2]

The Court denies, however, Defendant's request for new court appointed counsel, which Defendant requests as assistance for a petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *See* 18 U.S.C. § 3006A(a)(2)(B) ("[R]epresentation may be provided for any financially eligible person . . . [when] the interests of justice so require. . . .");

---

[1] Also pending before the Court is Todd M. Leventhal's Motion to Withdraw as Counsel, (ECF No. 313). The Court grants Mr. Leventhal's motion to withdraw on the same grounds as Defendant's motion to withdraw counsel.

[2] Because the Court instructs Mr. Leventhal to return Defendant's file, the Court grants Defendant's Motion to Order Counsel to Turn Over Discovery and Transcripts, (ECF No. 312).

*Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."). Defendant explains that his § 2255 petition will relate to challenges to his sentence under *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015), and ineffective assistance of counsel based on "plain errors" that his appellate counsel failed to raise on direct appeal. (Mot. Withdraw Counsel at 2–3, ECF No. 305); (Writ of Mandamus at 2, ECF No. 307).

The Ninth Circuit Court of Appeals has already affirmed Petitioner's conviction and sentence upon consideration of 18 U.S.C. § 924(c). (USCA Op., ECF No. 293) (decided on June 24, 2016). Defendant's § 2255 petition thus appears limited to whether *Johnson v. United States*, 135 U.S. 2551 (2015), and later binding precedent affect any portion of Defendant's sentence, and whether Defendant's appellate counsel failed to raise plain errors on direct appeal. These limited issues do not appear complex at this stage, and the initial likelihood of success is low—warranting denial of the appointment of counsel for Defendant's § 2255 petition. *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) ("In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.").[3] If, however, the Court finds that Defendant's § 2255 petition requires an evidentiary hearing, the Court can appoint counsel upon financial eligibility.

Also pending before the Court is Defendant's Motion for the Court to provide Defendant with a copy of the docket sheet for this matter, (ECF No. 309). For good cause appearing, the Court grants Defendant's motion, and will send Defendant a copy of the docket sheet for this

---

[3] Also pending before the Court is Defendant's Motion for Reconsideration, (ECF No. 306), which requests the Court to reconsider its prior Order striking motions personally filed by Defendant due to his representation by Todd M. Leventhal. (*See* Min.Order, ECF No. 304). Because the Court now grants Defendant's request to remove Mr. Leventhal as counsel, Defendant's motion for Reconsideration is denied as moot because Defendant may, if he elects to do so, refile the stricken motions in accord with the decisions in this Order.

case to the most recent address provided by Defendant.

The next pending motions before the Court are Defendant's Writs of Mandamus, (ECF Nos. 307, 308). These motions challenge Defendant's underlying conviction, and thus should be filed as a single petition under 28 U.S.C. § 2255. The Court accordingly denies Defendant's Writs of Mandamus, and instructs Defendant to refile his arguments as a § 2255 petition in order for the Court to properly evaluate Defendant's claims after an opportunity for the Government to file a response.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motions to Withdraw Counsel and Appoint Counsel, (ECF No. 305, 311), are **GRANTED in part and DENIED in part without prejudice**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Reconsideration, (ECF No. 306), is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Defendant's Writs of Mandamus, (ECF Nos. 307, 308), are **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Request the Docket Sheet, (ECF No. 309), is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Order Counsel to Turn Over Discovery and Transcripts, (ECF No. 312), is **GRANTED**.

**IT IS FURTHER ORDERED** that Todd M. Leventhal's Motion to Withdraw, (ECF No. 313), is **GRANTED**.

**DATED** this 31 day of January, 2019.

_____
Gloria M. Navarro, Chief Judge
United States District Court