UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) </br> ) </br> Plaintiff, ) </br> vs. ) </br> ) </br> ABDUL HOWARD, ) </br> ) </br> Defendant. ) | Case No.: 2:13-cr-00186-GMN-VCF-1 </br></br> **ORDER** |

Pending before the Court are Defendant Abdul Howard's ("Defendant's") Motions to Vacate, Set Aside, or Correct Conviction and Sentence under 28 U.S.C. § 2255 ("2255 Petitions"), (ECF Nos. 337, 363). The Government's recent response, (ECF No. 365), argues that the Court should dismiss Defendant's last filed 2255 Petition because it is "second or successive" and Defendant did not receive the requisite approval from the Court of Appeals for the Ninth Circuit to file it. Defendant replies that the Court should view the later filed 2255 Petition as an amendment to the first Petition as well as allow Defendant's counsel to file a comprehensive Amended Petition. As explained below, the Court agrees with Defendant and will provide leave to file a comprehensive Amended Petition.

I. **BACKGROUND**

Several years after Defendant's jury trial, conviction, sentencing, and direct appeal, Defendant filed his first 2255 Petition on a pro se basis. (2255 Petition, ECF No. 337) (filed August 1, 2019). But before the Court issued a decision on that 2255 Petition, this District issued General Order 2019-06, appointing the Federal Public Defender ("FPD") to represent persons who may be eligible for relief under 28 U.S.C. § 2255 or 28 U.S.C. § 2241 in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019), and *United States v. Davis*, 139 S. Ct. 2319 (2019). Defendant appeared eligible for relief under those decisions based on the FPD's initial

review, but the FPD later withdrew as Defendant's counsel citing potential conflicts. The Court accordingly appointed Lisa Rasmussen to represent Defendant for the limited purpose of seeking relief under *Rehaif* and *Davis*. (Order Appointing Counsel, ECF No. 362). Ms. Rasmussen thereafter filed a separate 2255 Petition, (ECF No. 363). Out of an abundance of caution, Ms. Rasmussen also filed an application with the Ninth Circuit Court of Appeals for permission to file the successor 2255 Petition, and that application remains pending on the Circuit's docket as case number 20-71717.

## II.  DISCUSSION

"A petitioner is generally limited to one motion under § 2255, and may not bring a 'second or successive motion' unless it meets the exacting standards of 28 U.S.C. § 2255(h)." *United States v. Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011); 28 U.S.C. § 2255(h) (requiring certification by a panel of the appropriate court of appeals). "[S]econd or successive" is "a habeas term of art," and it commonly refers to a petition that includes claims which "were or could have been adjudicated on their merits in an earlier petition." *See Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008). However, when a defendant files an additional § 2255 motion before the district court adjudicates his initial § 2255 motion, the district court should construe the additional § 2255 motion as a motion to amend the initial one. *Id.* (concerning a petition for habeas relief under 28 U.S.C. § 2241); *Goodrum v. Busby*, 824 F.3d 1188, 1194 (9th Cir. 2016) ("[W]hen a petitioner files a new petition while his first petition remains pending, courts have uniformly held that the new petition cannot be deemed second or successive."); *United States v. Ilyin*, No. 12-cr-00467-RS-1, 2015 WL 9257945, at *1 (N.D. Cal. Dec. 18, 2015) (quoting and applying *Woods v. Carey*, 525 F.3d 886, 889 (9th Cir. 2008), to a petition under 28 U.S.C. § 2255). In that circumstance, the district court retains the discretion to permit amendment of the initial § 2255 petition under the standards articulated in Federal Rule of Civil Procedure 15. *See James v. Giles*, 221 F.3d 1074, 1077 (9th Cir. 2000)

(explaining that FRCP 15 "applies to habeas corpus actions with the same force that it applies to garden-variety civil cases.") (quotations omitted).  That is, "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962); Fed. R. Civ. P. 15(a)(2); *Sonoma Cty. Ass'n of Retired Employees v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013).

Here, Defendant filed his first 2255 Petition on August 1, 2019, (ECF No. 337), and the Court did not resolve it on the merits or otherwise before Ms. Rasmussen's appointment and the later filed 2255 Petition, (ECF No. 363).  Accordingly, the issue now before the Court is whether to provide Defendant leave to amend his initial 2255 Petition to include claims asserted in the later filed Petition—thereby avoiding uncertainty concerning the rule against second or successive petitions filed without a circuit panel's approval. (Reply 3:7–19, ECF No. 366) (requesting leave to file an Amended Petition).  After considering the liberal standards of FRCP 15, the Court finds that amendment is appropriate.  The legal landscape governing claims under *Rehaif* and *Davis* remains developing, and the Court's initial review on the merits does not reveal Defendant's later file claims to be clearly futile.  Moreover, because Petitioner's later filed 2255 Petition centers on rights recently recognized by the United States Supreme Court and made retroactively applicable, the later Petition does not appear time barred under 28 U.S.C. § 2255(f).  Last, the Government has not yet responded to the merits of Defendant's later filed 2255 Petition, and the Government can reassert its same arguments made in response to Defendant's initial 2255 Petition as well as supplement those arguments if needed when addressing Defendant's Amended Petition.  Prejudice to the Government from amendment accordingly appears minimal, if existing at all.

Though the Court permits Defendant to file a comprehensive Amended Petition, that does not include the ability to assert additional claims not already raised in the pending 2255 Petitions. If Defendant's counsel believes additional claims must be asserted, counsel must request authorization by the Court before asserting such claims. Finally, in light of Ms. Rasmussen's expanded role in assisting Defendant with his 2255 Petitions, the Court dismisses as moot Defendant's pending Motion for Access to the Court, (ECF No. 336), Motion for Access to a Law Library, (ECF No. 342), and Motion to the Court of Violation of Fundamental Fairness and Due Process, (ECF No. 353).

### III. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant has leave to amend his initial 2255 Petition as outlined in this Order. Defendant has three weeks from the date of this Order to file an Amended Petition.

**IT IS FURTHER ORDERED** that Ms. Rasmussen's CJA appointment is expanded to include combining Defendant's two pending 2255 Petitions into one compressive filing.

**IT IS FURTHER ORDERED** that the Government shall have three weeks to file its response from the date Ms. Rasmussen files the Amended Petition. Ms. Rasmussen will then have two weeks from the filing date of the Government's response to file a reply.

**IT IS FURTHER ORDERED** that the following motions filed by Defendant are dismissed as moot: Motion for Access to the Court, (ECF No. 336), Motion for Access to a Law Library, (ECF No. 342), and Motion to the Court of Violation of Fundamental Fairness and Due Process, (ECF No. 353).

**DATED** this __23__ day of July, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court