**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br>             Respondent/Plaintiff, ) <br>       vs. ) <br> ) <br> ABDUL HOWARD, ) <br> ) <br>             Petitioner/Defendant. ) <br> ) | Case No.: 2:13-cr-00186-GMN-VCF-1 <br><br> **ORDER** |

Pending before the Court are Petitioner Abdul Howard's ("Petitioner's") Motions to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, (ECF Nos. 337, 363, 368). The Government filed Responses, (ECF Nos. 351, 365, 371), and Petitioner filed Replies, (ECF Nos. 359, 366, 374).[1] For the reasons discussed below, the Court **DENIES** Petitioner's Motions.

**I.      BACKGROUND**

On June 5, 2014, a jury found Petitioner guilty on Counts 1–27 of the Superseding Indictment: 14 counts of Interference with Commerce by Robbery (Hobbs Act Robbery) in violation of 18 U.S.C. § 1951; 12 counts of Possession of a Firearm During, in Relation to, and in Furtherance of a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A); and one count of Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (*See*

---

[1] Petitioner filed the first 2255 Motion, (ECF No. 337), at issue in this case *pro se*; the Motion was fully briefed before the Court appointed Counsel. (*See* Order Appointing Counsel, ECF No. 362). Petitioner's newly appointed counsel filed the second 2255 Motion, (ECF No. 363). After the second Motion was also fully briefed, the Court allowed Petitioner's new counsel to file the Amended 2255 Motion, (ECF No. 368). (*See* Order, ECF No. 367) ("Defendant has three weeks from the date of this Order to file an Amended Petition."). For the purposes of this Order, the Court will primarily address the arguments in the Amended 2255 Motion and associated briefing because the Amended 2255 Motion and its briefing incorporate all of the arguments from the prior two Motions.

Mins. Proceedings, ECF No. 187); (J., ECF No. 252).  On January 8, 2015, Petitioner was sentenced to 15 years custody as to Count 25 (Felon in Possession of a Firearm), to run concurrently to all other counts; 240 months custody as to Count 27 (Hobbs Act Robbery), to run concurrently to all other counts; life imprisonment as to Counts 1, 3, 5, 7, 9, 11, 13, 15, 17, 19, 21, 23, and 26 (Hobbs Act Robbery), to run concurrently to all other counts; and life imprisonment as to Counts 2, 4, 6, 8, 10, 12, 14, 16, 18, 20, 22, and 24 (Possession of a Firearm During, in Relation to, and in Furtherance of a Crime of Violence), to run consecutively to all other counts. (J., ECF No. 252).

In June 2019, the Supreme Court issued its decision in *United States v. Davis*, which considered the constitutionality of 18 U.S.C. § 924(c). 139 S. Ct. 2319 (2019).  Section 924(c) generally prohibits the use or carrying of a firearm in relation to a "crime of violence," and it imposes mandatory minimum sentences that must run consecutive to any other sentence.  The statute defines a "crime of violence" as:

> An offense that is a felony and (A) has an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).  "Courts generally refer to the '(A)' clause of section 924(c)(3) as the 'force clause' and to the '(B)' clause of section 924(c)(3) as the 'residual clause.'" *United States v. Bell*, 158 F. Supp. 3d 906, 910 (N.D. Cal. Jan. 28, 2016).  In *Davis*, the Supreme Court struck down the residual clause as unconstitutionally vague. 139 S. Ct. at 2335–36 (2019).

Also in June 2019, the Supreme Court issued its decision in *Rehaif v. United States*, which overruled longstanding Ninth Circuit precedent regarding the mens rea element under 18 U.S.C. §§ 922(g) and 924(a)(2). *Rehaif*, 139 S. Ct. 2191, 2200 (2019).  Now, in a prosecution under 18 U.S.C. §§ 922(g) and 924(a)(2), the Government must prove not only that "the

defendant knew that he possessed a firearm, [but also] that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Id.*

## II. LEGAL STANDARD

Under 28 U.S.C. § 2255, a petitioner may file a motion requesting the sentencing Court to vacate, set aside, or correct his sentence. 28 U.S.C. § 2255(a). Such a motion may be brought on the following grounds: "(1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack." *Id.*; *see United States v. Berry*, 624 F.3d 1031, 1038 (9th Cir. 2010). "[A] district court may deny a Section 2255 motion without an evidentiary hearing only if the movant's allegations, viewed against the record, either do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989).

## III. DISCUSSION

The present Motion challenges the validity of Petitioner's convictions for: (1) Possession of a Firearm During, in Relation to, and in Furtherance of a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) in light of *Davis*; and (2) Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), in light of *Rehaif*. (Am. Mot. Vacate 3:6–26, ECF No. 368). Additionally, Petitioner claims that his trial and appellate counsel were ineffective. (*Id.* 4:13–20). The Court will address each claim in turn.

### A. *Davis* Claim

Petitioner claims that the *Davis* decision affects his convictions in two ways. First, Petitioner asserts that, in light of *Davis*, his § 924(c) conviction for Possession of a Firearm During, in Relation to, and in Furtherance of a Crime of Violence should be vacated because Hobbs Act Robbery is not a crime of violence. (Am. Mot. Vacate 8:20–22, ECF No. 368).

Second, Petitioner argues that his life sentence enhancements under 18 U.S.C. § 3559(c)(1) should be vacated because § 3559(c)(1) contains nearly identical language to the unconstitutional residual clause in *Davis*. (*Id.* 14:10–17:23).  The Court will first address Petitioner's claims concerning his § 924(c) convictions, before turning to Petitioner's § 3559(c)(1) arguments.

### 1.  Petitioner's § 924(c) Convictions

Petitioner explains that the underlying crime of violence for his § 924(c) convictions is Hobbs Act Robbery, which qualified as a crime of violence under the now unconstitutional residual clause. (*Id.* 8:20–10:2).  Petitioner also argues that Hobbs Act Robbery does not qualify as a crime of violence under § 924(c)'s remaining force clause.  As such, Petitioner claims that Hobbs Act Robbery cannot be a crime of violence, and thus, he did not commit the crime of violence necessary to sustain a § 924(c) conviction. (*Id.* 10:3–14:9).

However, the Ninth Circuit has unequivocally held that Hobbs Act Robbery constitutes a crime of violence under § 924(c)'s force clause. *United States v. Dominguez*, 954 F.3d 1251, 1255, 1262 (9th Cir. 2020) ("Hobbs Act Robbery is a crime of violence under 18 U.S.C. § 924(c)(3)(A) . . . because it's a felony that 'has an element the use, attempted use, or threatened use of physical force against the person or property of another.'"); *United States v. Mendez*, 992 F.2d 1488, 1491 (9th Cir. 1993) ("Robbery indisputably qualifies as a crime of violence.").[2] Since Hobbs Act Robbery is a crime of violence, Petitioner's § 924(c) conviction for Possession of a Firearm During, in Relation to, and in Furtherance of a Crime of Violence is proper.  Accordingly, the Court denies Petitioner's Motion as to this claim.

---

[2] A petition for certiorari has been filed in *Dominguez*.  However, the appeal only challenges the Ninth Circuit holding that *attempted* Hobbs Act Robbery is a crime of violence, not that *completed* Hobbs Act Robbery is a crime of violence. *See Dominguez v. United States*, 954 F.3d 1251 (9th Cir. 2020), *petition for cert filed*, (No. 20-1000).  Because the present case concerns a completed Hobbs Act Robbery, any final disposition of *Dominguez* will not affect this Order. (*See* Superseding Indictment, ECF No. 20) (charging Defendant with Hobbs Act Robbery, not attempted Hobbs Act Robbery).

**2. Petitioner's Sentence Under § 3559(c)(1)**

Under 18 U.S.C. § 3559(c)(1), or the "federal three-strikes law," a defendant convicted of a serious violent felony receives a sentence enhancement of mandatory life imprisonment when the defendant was previously convicted of at least two other serious violent felonies, either at the state or federal level. *Morrison v. United States*, No. 95-cr-0708-DMS, 2019 WL 2472520, at *3 (S.D. Cal. June 12, 2019) (citing *United States v. Kaluna*, 192 F.3d 1188, 1195 (9th Cir. 1999)). A serious violent felony is:

> (i) a Federal or State offense, by whatever designation and wherever committed, consisting of . . . aggravated sexual abuse and sexual abuse (as described in sections 2241 and 2242) . . . robbery (as described in section 2111, 2113, or 2118) . . .; and
>
> (ii) any other offense punishable by a maximum term of imprisonment of 10 years or more that has as an element the use, attempted use, or threatened use of physical force against the person of another or that, by its nature, involves a substantial risk that physical force against the person of another may be used in the course of committing the offense[.]

18 U.S.C. § 3559(c)(2)(F)(i)–(ii). Generally, courts refer to clause (i) as the "enumerated offense" clause. *See, e.g.*, *United States v. Raboy*, No.CR-09-00678-PHX-JAT, 2019 WL7877155, at *3 (D. Ariz. Dec. 20, 2019). The first part of clause (ii), establishing that an offense "that has an element the use, attempted use, or threatened use of physical force" is a serious violent felony, is referred to as the "force/elements clause." (*Id.*). Finally, the second part of clause (ii), establishing that an offense that "by its nature, involves a substantial risk that physical force against the person of another may be used" is a serious violent felony, is referred to as the "residual clause." (*Id.*).

In the present Motion, Petitioner explains that he received a mandatory life sentence under the federal three-strikes law because he was convicted of an allegedly serious violent felony, Hobbs Act Robbery, and had at least three prior allegedly serious violent felony

convictions: (1) second degree robbery under New York state law; (2) sexually motivated coercion under Nevada state law; and (3) robbery with use of a deadly weapon under Nevada state law. (Am. Mot. Vacate 16:11–18, ECF No. 368).  However, Petitioner argues that § 3559(c)(2)(F)(ii)'s residual clause has almost identical language to the residual clause in *Davis*, and thus, should also be struck down as unconstitutionally vague. (*Id*. 15:20–16:10).  Because his prior offenses cannot be serious violent felonies under an unconstitutional residual clause, Petitioner argues that the Government cannot establish that he was previously convicted of at least two serious violent felonies, as required for the § 3559(c)(1) sentence enhancement to apply and asks the Court to vacate his life sentence. (*Id.* 17:21–23).

While it is true that § 3559(c)(2)(F)(ii)'s residual clause is essentially identical to the one struck down in *Davis*, [3] § 3559(c)(2)(F)(ii)'s residual clause is actually not implicated in this case.  Neither is its force/elements clause.  At sentencing, the Government specifically argued that Petitioner's prior sexually motivated coercion conviction in Nevada and robbery convictions in New York and Nevada qualified as serious violent felonies under § 3559(c)(F)(2)(i)'s *enumerated offense clause*. (*See* Resp. to Sentencing Mem. 14:12–15:2) (quoting 18 U.S.C.§ 3559(c)(2)(F)(i)).[4]  The Court agreed with the Government, finding that all three prior convictions were serious violent felonies, without relying on § 3559(c)(2)(F)(ii)'s force/elements or residual clauses. (*See* Tr. 58:7–59:20, ECF No. 268).  Petitioner does not

---

[3] *Compare* 18 U.S.C. § 924(c)(3)(B) ("the term 'crime of violence' means an offense . . . *that by its nature, involves a substantial risk that physical force against the person* or property *of another may be used in the course of committing the offense*."), *with* 18 U.S.C. § 3559(c)(2)(F)(ii) ("A serious violent felony is . . . any other offense . . . *that, by its nature, involves a substantial risk that physical force against the person of another may be used in the course of committing the offense*.") (emphasis added).

[4] The Government's Sentencing Memorandum stated: "The Government maintains that the [Petitioner]'s 1980 New York conviction for Robbery in the Second Degree and his 2003 Nevada convictions for Robbery with Use of a Deadly Weapon qualify as 'serious violent felonies' because they are 'offense[s] . . . consisting of robbery,' and the [Petitioner]'s 2003 Nevada conviction for Sexually Motivated Coercion qualifies as a 'serious violent felony' because it is an 'offense . . . consisting of assault with intent to commit rape; aggravated sexual abuse [or] sexual abuse.'"

dispute that Hobbs Act Robbery and his three prior convictions[5] are serious violent felonies under § 3559(c)(F)(2)(i)'s enumerated offense clause as offenses "consisting of . . . aggravated sexual abuse and sexual abuse . . . [and] robbery." As such, the Court is satisfied that the Government met the requirements for § 3559(c)(1)'s sentence enhancement irrespective of the residual clause, and thus, the Court denies Petitioner's Motion, to the extent that he claims *Davis* invalidates his § 3559(c)(1) life sentence.

### B. *Rehaif* Claim

In the present Motion, Petitioner argues that his conviction under 18 U.S.C. §§ 922(g) and 924(a)(2) is invalid because the Government failed to prove that Petitioner knew that he was previously convicted of a crime punishable by more than one year, a felony, as required by *Rehaif*. (Am. Mot. Vacate 19:1–15, ECF No. 368).[6] Petitioner points out that this mens rea requirement was not present in the superseding indictment or any of the subsequent guilty plea proceedings. (*Id.* 23:23–25:17). In response, the Government argues that Petitioner's *Rehaif* claim is barred because Petitioner procedurally defaulted by failing to raise these issues on direct appeal prior to filing his petition under 28 U.S.C. § 2255. (Resp. 8:1–2, ECF No. 371).

When a petitioner fails to raise a legal argument on direct appeal, the "procedural default" rule bars collateral review under 28 U.S.C. § 2255. *See Massaro v. United States*, 538 U.S. 500, 504 (2003). The two noted exceptions to this rule are when a petitioner can show

---

[5] Though the Ninth Circuit has not directly addressed whether New York second degree robbery is a serious violent felony, two circuits have concluded that New York second degree robbery is a serious violent felony under 18 U.S.C. § 3559(c)(1). *See United States v. Johnson*, 915 F.3d 223, 228 (4th Cir. 2019); *United States v. Snype*, 441 F.3d 119, 144 (2d Cir. 2006).

[6] Petitioner erroneously claims that *Rehaif* also requires the government to prove that the Petitioner knew he was barred from possessing a firearm. (Am. Mot. Vacate 19:16–20:27, ECF No. 368). *Rehaif* only requires the government to prove that defendant knew of his alleged status as a previously convicted felon. *See Greer v. United States*, 141 S. Ct. 2090, 2093 (2021) (clarifying that "[a]fter *Rehaif*, the Government in a felon-in-possession case must prove not only that the defendant knew he possessed a firearm, but also that he knew he was a felon when he possessed the firearm"); *Rehaif v. United States*, 139 S. Ct. 2191, 2198 (2019).

both cause and prejudice, or "actual innocence." *Id.*; *United States v. Ratigan*, 351 F.3d 957, 962 (9th Cir. 2003).  If the petitioner cannot demonstrate cause and prejudice, he must prove "actual innocence," meaning "that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011) ("A petitioner is actually innocent when he was convicted for conduct not prohibited by law.").

Here, Petitioner makes no claim that he directly appealed the alleged deficiencies in the superseding indictment based on *Rehaif*.[7]  Accordingly, Petitioner procedurally defaulted, and in order to proceed with his *Rehaif* claim, Petitioner must demonstrate both cause to excuse the default and prejudice resulting from the error.[8] *See United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993) (citing *United States v. Frady*, 456 U.S. 152, 168 (1982)).  To demonstrate cause, a petitioner must show "that some objective factor external to the defense impeded [his] efforts to raise the [barred] claim." *Murray v. Carrier*, 477 U.S. 478, 479 (1986).  "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to counsel." *McCleskey v. Zant*, 499 U.S. 467, 493–94 (1991) (internal quotations omitted).  A claim is not reasonably available if it "overturn[s] a longstanding and widespread practice to which [the Supreme] Court has not spoken, but which a near-unanimous body of lower court authority has expressly approved." *Reed v. Ross*, 468 U.S. 1, 17 (1984). (quotation omitted).  "Where a constitutional claim is so novel that its legal

---

[7] Petitioner also argues that the failure of the superseding indictment to include the mens rea element that Petitioner knew he was previously convicted of a crime punishable by a term of imprisonment exceeding one year robs this Court of jurisdiction. (Am. Mot. Vacate 25:15–27:4). However, "defects in an indictment do not deprive a court of its power to adjudicate a case," and so, this Court retains jurisdiction. *United States v. Jackson*, 838 F. App'x 262, 264 (9th Cir. 2020); *United States v. Cotton*, 533 U.S. 625, 630 (2002).

[8] A petitioner can also overcome a procedural default by proving actual innocence however, here, Petitioner makes no such claim. *See Massaro v. United States*, 538 U.S. 500, 504 (2003).

basis is not reasonably available to counsel, a defendant has cause for his failure to raise a claim in accordance with applicable state procedures." *Id.* at 17.

To demonstrate prejudice, a defendant must show "a reasonable probability that his conviction or sentence would have been different." *United States v. Lopez*, 577 F.3d 1053, 1060 (9th Cir. 2009) (quoting *Stickler v. Green*, 527 U.S. 263, 296 (1999)).  In the context of a guilty plea, prejudice requires that a petitioner demonstrate "a reasonable probability that, but for [the] errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).  "The actual prejudice prong of the procedural default analysis requires a petitioner show 'not merely that the errors created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire proceedings with error of constitutional dimensions.'" *United States v. Abundis*, No. 2-18-CR-00158-MMD-VCF-1, 2020 WL 7029892, at *5 (D. Nev. Nov. 30, 2020) (citing to *Murray v. Carrier*, 477 US at 478, 488 (1986)).  The Ninth Circuit has consistently rejected *Rehaif* challenges to convictions for Felon in Possession of a Firearm where the petitioner's prior criminal record presents no reasonable possibility that he did not know that he had been convicted of a crime punishable by more than a year in prison. *See, e.g.*, *United States v. Tuan Ngoc Luong*, 965 F.3d 973, 989 (9th Cir. 2020) (finding that when the petitioner had prior felony convictions resulting in prison sentences exceeding one year, there is no reasonable probability that a jury would reach a different verdict). *See also United States v. Hill*, No. 2:13-cr-00367-JAD-VCF-1, 2021 WL 328684, at *3 (Feb. 1, 2021) ("Hill—having been charged with felony assault and sentenced to prison for at least 24 months only two months before the arrest undergirding this conviction—cannot reasonably claim that he was unaware of his status as a felon.").

In the present case, though cause likely exists,[9] Petitioner is unable to demonstrate prejudice. The Government highlights that Petitioner had seven previous felony convictions, six of which resulted in sentences of imprisonment for one year or more. (*See* PSR ¶¶ 211, 216, 217, 218). Specifically, in 2003, Petitioner was sentenced to at least 6 years of custody for his felony conviction for Robbery with Use of Deadly Weapon. (*Id.* ¶ 218). Based on this criminal history, there can be no dispute that Petitioner knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year when he possessed the firearm in 2013. (*See* Superseding Indictment 13:13, ECF No. 20) (stating that the conduct giving rise to Petitioner's Felon in Possession of a Firearm conviction took place on March 20, 2013). As such, Petitioner cannot demonstrate that he was prejudiced by his conviction; there is no reasonable probability that his conviction would have been different because the Government could have easily satisfied the mens rea element that Petitioner knew of his status as a convicted felon. *See, e.g.*, *United States v. Johnson*, 963 F.3d 847, 854 (9th Cir. 2020) ("Johnson cannot plausibly argue that a jury . . . would find that he was unaware of his status as someone previously convicted of an offense punishable by more than a year in prison. After all, he had in fact already served three prior prison sentences exceeding one year."). *See also Lopez*, 577 F.3d at 1060; *Abundis*, 2020 WL 7029892, at *5. Thus, the Court denies Petitioner's Motion with respect to the *Rehaif* claim.[10]

---

[9] District courts consistently find that *Rehaif*'s holding is a novel claim. *See, e.g.*, *United States v. Hill*, No. 2:13-cr-00367-JAD-VCF-1, 2021 WL 328684, at *3 (Feb. 1, 2021) (quoting *Reed*, 468 U.S. at 17) ("*Rehaif*'s holding is such a novel claim given that it 'overturn[s] a longstanding and widespread practice to which [the] Court has not spoken, but which a near-unanimous body of lower court authority has expressly approved.'").

[10] Petitioner also claims violations of his Fifth and Sixth Amendment and Due Process rights, essentially arguing that because the deficiencies in his indictment are structural errors, he need not demonstrate prejudice to persevere with his *Rehaif* claim. (Mot. Comp. Rel. 18:11–21:13, 22:17–24:25). However, "*Rehaif* errors are never structural," and Petitioner has not otherwise shown actual prejudice. *United States v. Pollard*, 10. F.4th 948, n.3 (9th Cir. 2021) (citing *Greer v. United States*, 141 S. Ct. 2090, 2099–2100 (2021)). As such, the Court finds that these claims are without merit.

### C. Ineffective Assistance of Counsel

In his Motion, Petitioner asserts that both his trial counsel and his appellate counsel were ineffective, depriving him of his Sixth and Fourteenth Amendment rights to effective assistance of counsel. (Am. Mot. Vacate 34:2, 37:13–15). Specifically, Petitioner claims that his trial counsel failed to properly investigate, secure, and impeach witnesses; neglected to preserve certain objections; and ignored his incompetency during trial. (*Id.* 34:17–36:27). Likewise, Petitioner claims that his appellate counsel failed to address trial counsel's deficiencies, did not raise the issue of the prosecutor's news interview during trial, and never pursued Petitioner's actual innocence claim. (*Id.* 37:1–35).[11]

To establish ineffective assistance of counsel, a petitioner must first show that counsel's conduct was not "within the range of competence demanded of attorneys in criminal cases." *Strickland v. Washington*, 466 U.S. 668, 687 (1984) (citations omitted). Second, a petitioner must also show that he was prejudiced by that performance. *See id.* at 692. Under this standard, the question is whether "counsel's representation fell below an objective standard of reasonableness," and the Court's inquiry begins with a "strong presumption that counsel's conduct [falls] within the wide range of reasonable representation." *United States v. Ferreira–Alameda*, 815 F.2d 1251, 1253 (9th Cir. 1987) (citations omitted). "[T]he standard for judging counsel's representation is a most deferential one" because "the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge." *Harrington v. Richter*, 562 U.S. 86, 105 (2011). Petitioner must also demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

In the present case, Petitioner identified several examples of his counsels' conduct that could establish grounds for an ineffective assistance of counsel claim, such as failing to

1  impeach or subpoena witnesses and failing to raise deficiencies on appeal, as detailed above.
2  However, regardless of whether this conduct was not "within the range of competence
3  demanded of attorneys in criminal cases," Petitioner unequivocally failed to establish prejudice.
4  *Strickland*, 466 U.S. at 687.  Petitioner makes conclusory allegations that his counsels' conduct
5  prejudiced him, but neglected to provide any factual information detailing how "there is a
6  reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding
7  would have been different." *Strickland*, 466 U.S. at 694; (Am. Mot. Vacate 35:23–24, 37:10–
8  13, 38:1–3).  Conclusory allegations of prejudice alone, without supporting factual data, do not
9  satisfy the *Strickland* standard for relief. *See, e.g.*, *United States v. Stockett*, No. 2:03-cr-00365-
10 RCJ-LRL, 2008 WL 5111054, at *7 (D. Nev. Dec. 3, 2008) (denying petitioner's § 2255
11 Motion because he provided no facts to support his conclusory allegations of deficiency and
12 prejudice).  Accordingly, Petitioner's Motion is denied as to his ineffective assistance of
13 counsel claims.

### D.  Certificate of Appealability

To proceed with an appeal of this Order, the Court must issue a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski*, 435 F.3d 946, 950–51 (9th Cir. 2006); *see also United States v. Mikels*, 236 F.3d 550, 551–52 (9th Cir. 2001).  This means that Petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). He bears the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Slack*, 529 U.S. at 483–84.

The Court has considered the issues raised by Petitioner with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that the issues do not meet that standard.  The Court therefore denies Petitioner a certificate of appealability.

IV. **CONCLUSION**

**IT IS HEREBY ORDERED** that Petitioner's Motions to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, (ECF Nos. 337, 363, 368), are **DENIED**.

**IT IS FURTHER ORDERED** that the Government's Motion for Leave to Advise the Court of New Supreme Court Authority, (ECF No. 375), is **GRANTED**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED**.

**DATED** this __16__ day of December, 2021.

_____
Gloria M. Navarro, District Judge
United States District Court