# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Respondent/Plaintiff, | ) | Case No.: 2:13-cr-00186-GMN-VCF-1 |
| vs. | ) | |
| | ) | **ORDER** |
| ABDUL HOWARD, | ) | |
| | ) | |
| Petitioner/Defendant. | ) | |
| | ) | |

Pending before the Court is the Motion for Reconsideration,[1] (ECF No. 388), filed by Petitioner Abdul Howard ("Petitioner"). The Government did not file a Response. Instead, the Government filed a Motion to Dismiss or Deny Petitioner's Rule 60 Motion, (ECF No. 389), to which Petitioner filed a Response, (ECF No. 390).

Further pending before the Court is Petitioners' Counsels' Motion to Withdraw as Attorney, (ECF No. 387), to which the Government did not file a Response.

For the reasons discussed below, the Court **DENIES** Petitioner's Motion for Reconsideration and **GRANTS** Petitioners' Counsels' Motion to Withdraw as Attorney.[2]

Additionally, the Court **GRANTS** the Government's Motion to Dismiss or Deny Petitioner's Rule 60 Motion.

---

[1] Petitioner also filed a Supplement to his Motion for Reconsideration, (ECF No. 391). However, Petitioner's Supplement merely repeats verbatim the arguments he raised in his Motion for Reconsideration.

[2] Petitioners' Counsel explained that Petitioner requested she withdraw as his attorney because Petitioner "wishes to file his own documents." (Mot. Withdraw as Att'y ¶¶ 3–4, ECF No. 387). Further, Petitioners' Counsel articulated that her withdrawal should not prejudice Petitioner as there are no deadlines pending in this case. (*Id.* ¶ 7). The Ninth Circuit has already granted Petitioners' Counsels' motion to be relieved as appellant counsel of record. (Order of USCA to Relieve Counsel at 1, ECF No. 392). Accordingly, the Court grants Petitioners' Counsels' Motion to Withdraw as Attorney and will remove her as counsel.

## I. BACKGROUND

The Court incorporates the background information and procedural history of this case from its previous Order denying Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (*See* Order 1:16–3:2, ECF No. 376). After the Court entered its Order, Petitioner filed an appeal to the Ninth Circuit Court of Appeals, (*see* Notice Appeal, ECF No. 378), but was denied a certificate of appealability. (*See* Order of USCA at 1, ECF No. 384). Petitioner then filed the instant Motion for Reconsideration. (*See generally* Mot. Reconsideration, ECF No. 388). The Court discusses Petitioner's Motion for Reconsideration below.

## II. LEGAL STANDARD

Federal Rules of Civil Procedure ordinarily "allows a party to seek relief from final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 528 (2005). However, for a federal inmate challenging the legality of his detention, 28 U.S.C. § 2255 provides the exclusive remedy. *See United States v. Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011).

"A petitioner is generally limited to one motion under § 2255, and may not bring a 'second or successive motion' unless it meets the exacting standards of 28 U.S.C. § 2255(h)." *Id*. Section 2255(h) provides that a successive motion "cannot be considered unless it has first been certified by the court of appeals to contain either '(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense,' or '(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.'" *Id*. (quoting 28 U.S.C. § 2255).

"Because of the difficulty of meeting this standard, petitioners often attempt to characterize their motions in a way that will avoid the strictures of § 2255(h)." *Id.* When a petitioner attempts to disguise a second or successive § 2255 motion as different type of motion—such as one under Rule 60—the strictures of § 2255(h) still apply. *Id.* A motion is considered a true Rule 60 motion rather than a disguised successive § 2255 motion when it "asserts some defect in the integrity of the federal habeas proceedings." *Id.* at 1063 (quoting *Gonzalez*, 545 U.S. at 532). For example, "[p]roper Rule 60(b) motions include those alleging fraud on the federal habeas court" as well as those contending that a district court erred by making a procedural ruling that precluded a merits determination. *Jones v. Ryan*, 733 F.3d 825, 834 (9th Cir. 2013) (citing *Gonzalez*, 545 U.S. at 532 nn. 4, 5). On the other hand, a motion will be treated as a disguised § 2255 motion when it presents "a claim" that "is, in substance, a new request for relief on the merits." *Washington*, 653 F.3d at 1063.

### III. DISCUSSION

Petitioner seeks reconsideration of this Court's Order denying his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (*See generally* Mot. Reconsideration, ECF No. 388). Petitioner's Motion is premised on Rule 60(b)(4), namely asserting that the Court's judgment is void. (Mot. Reconsideration at 1–2); (Supp. Mot. Reconsideration at 1–2, ECF No. 391). Specifically, Petitioner contends this Court precluded a merits determination of his ineffective assistance of counsel claim by declining to hold an evidentiary hearing before denying his claim. (Mot. Reconsideration at 2–6). In rebuttal, the Government contends that Petitioner's Rule 60(b)(4) motion is a disguised second or successive § 2255 motion that this Court should dismiss. (Mot. to Dismiss or Deny 3:20–23, ECF No. 389). The Court will now determine whether Petitioner's Motion raises "claims" and thus should be considered a successive § 2255 motion, or "whether it instead alleges a 'defect in the integrity of the federal

///

habeas proceedings,' and thus constitutes a legitimate Rule 60(b) motion." *Washington*, 653 F.3d at 1063–64.

The Ninth and Tenth Circuit, along with a number of district courts, have found that a claim such as Petitioner's, which is based on the district court's failure to conduct an evidentiary hearing prior to denying a § 2255 petition, is not a proper Rule 60(b) motion, and constitutes a second or successive petition. *See, e.g., Washington*, 654 F.3d at 1064–65; *In re Lindsey*, 582 F.3d 1173, 1175–76 (10th Cir. 2009); *Fuentes v. United States*, No. 08-00348, 2022 WL 10024042, at **3–4 (D. Ariz. Oct. 17, 2022); *DeLoge v. Wilson*, No. 04-cv-317, 2019 WL 81099945, at *4 (D. Wyo. July 26, 2019); *SotoHerrera v. United States*, No. 95-79, 2013 WL 1788499, at *6 (S.D. Ala. Apr. 26, 2013); *Rivera v. United States*, No. 89-346, 2021 WL 1887133, at *2 (S.D.N.Y. May 21, 2012). Moreover, "[i]n the context of ineffective assistance of counsel claims, courts have similarly concluded that Rule 60(b) motions which challenge the court's failure to hold an evidentiary hearing are often premised on a challenge to the court's determination of the merits, and are therefore second or successive petitions." *U.S. v. Livingstone*, No. 05-56, 2014 WL 5106737, at *5 (D. Minn. Oct. 10, 2014); *see Brooks v. United States*, No. 02-92, 2014 WL 2481824, at *4–5 (S.D. W.Va. June 3, 2014) (explaining in the context of a Rule 60(b) motion to reconsider a § 2255 petition based on ineffective assistance of counsel that the prisoner's criticisms of the court's decision to forego an evidentiary hearing . . . is so intertwined with his challenges to the correctness of the court's determination, that his motion cannot honestly be viewed as a legitimate Rule 60(b) motion"); *Blackwell v. United States*, Civ. No. 99–1687, 2009 WL 3334895, at *4–5 (E.D. Mo. Oct. 14, 2009) (concluding that a challenge to the court's failure to hold an evidentiary hearing on an ineffective assistance of counsel claim was a second or successive petition because the court's decision not to hold a hearing was "inextricably" intertwined with the merits determination).

///

In his present Rule 60(b) motion, Petitioner argues that the Court erred when it decided his ineffective assistance of counsel claim raised in his § 2255 petition without holding an evidentiary hearing. (Mot. Reconsideration at 2–6). Specifically, Petitioner posits he was prejudiced by his counsel's failure to present his alibi defense, which included affidavits and eyewitness testimony that Petitioner contends could potentially prove his innocence. (*Id*. at 2); (Pet.'s Resp. at 3, ECF No. 390). Petitioner thereby argues he is entitled to an evidentiary hearing to address the merits of his § 2255 motion.

The issue, however, is that Petitioner raised this exact argument in his first § 2255 motion. (Am. § 2255 35:12–36:19, ECF No. 368). In the Court's Order, it explained that Petitioner's ineffective assistance counsel claim failed because "Petitioner makes conclusory allegations that his counsels' conduct prejudiced him, but neglected to provide any factual information detailing how 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" (Order 12:4–7, ECF No. 376). The Court further articulated that "[c]onclusory allegations of prejudice alone, without supporting factual data, do not satisfy the *Strickland* standard for relief." (*Id*. 12:8–9).

As this language makes clear, this Court's decision not to hold an evidentiary hearing concerning Petitioner's alibi defense and other arguments was based on the evidence—that is, it was merits-based because the record before the Court, which included Petitioner's affidavits and potential eyewitness testimony, showed that Petitioner was not entitled to relief. Put differently, because Petitioner's ineffective assistance of counsel claim lacked merit, he was not entitled to an evidentiary hearing. As the Tenth Circuit articulated in *Lindsey*, "there could be no error in denying an evidentiary hearing unless the district court made an incorrect merits determination." *Lindsey*, 582 F.3d at 1176. Accordingly, Petitioner's Rule 60(b) argument that the Court failed to hold an evidentiary hearing on his §2255 Motion raises a "claim" on the

///

merits and is construed as a second and successive petition. The Court therefore denies the Motion as beyond the scope of Rule 60(b).

IV. **CONCLUSION**

**IT IS HEREBY ORDERED** that Petitioner's Motion for Reconsideration, (ECF No. 388), is **DENIED**.

**IT IS FURTHER ORDERED** that the Government's Motion to Dismiss or Deny Petitioner's Rule 60 Motion, (ECF No. 389), is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioners' Counsels' Motion to Withdraw as Attorney, (ECF No. 387), is **GRANTED**. Attorney Lisa A. Rasmussen of the law firm of Kristina Wildeveld & Associates shall no longer represent Defendant Abdul Howard in this matter.

**DATED** this __16__ day of November, 2022.

_____
Gloria M. Navarro, District Judge
United States District Court