# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

      Respondent/Plaintiff,

vs.

ABDUL HOWARD,

      Petitioner/Defendant.

Case No.: 2:13-cr-00186-GMN-VCF-1

**ORDER**

Pending before the Court is the Motion to Compel Court Order of Restitution, (ECF No. 407), filed by Petitioner Abdul Howard ("Petitioner"). The Government filed a Response, (ECF No. 408), to which Petitioner filed a Reply, (ECF No. 410).

Further pending before the Court is Petitioner's Motion to Correct Case Number, (ECF No. 405). The Government did not file a Response, and the time to do so has passed.

For the reasons discussed below, the Court **DENIES** Petitioner's Motion to Compel Court Order of Restitution and Motion to Correct Case Number.[1]

By the instant Motion to Compel Court Order of Restitution, Petitioner argues the Bureau of Prisons ("BOP") is improperly ordering him to pay a monthly restitution amount in

---

[1] Petitioner's Motion to Correct Case Number relates to his appeal, (ECF No. 403), of the Court's Order, (ECF No. 399), granting the Government's Motion to Dismiss Petitioner's Writ of Mandamus. Petitioner contends that pursuant to this appeal, the United States Court of Appeals for the Ninth Circuit incorrectly referred to his underlying case number as 2:23-cv-00357-GMN, rather than his criminal case number 2:13-cr-00186-GMN-VCF. (Mot. Correct Case Number at 1, ECF No. 405). Case number 2:23-cv-00357 was created in response to Petitioner filing his Amended Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, (ECF No. 402). As is normal practice in this District, upon receipt of a § 2255 motion, the Clerk of Court opened a new civil case, but also filed the Amended § 2255 Motion under the old criminal case number. Thus, both case numbers involve Petitioner's habeas proceedings. Further, to the extent Petitioner seeks to correct the Ninth Circuit's docket, the Court advises Petitioner this Court lacks the authority to do so, and that his Motion is more appropriately filed directly with the Ninth Circuit. Based on the foregoing, Petitioner's Motion to Correct Case Number is DENIED.

contravention of restitution payment schedule set by this Court. (Mot. Compel Court Order at 1, ECF No. 407).  In response, the Government argues this Court lacks jurisdiction to consider Petitioner's Motion because Petitioner is not incarcerated at an institution within the District of Nevada. (Resp. 1:17–2:2, ECF No. 408).  The Court agrees.

In general, a federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988); *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006), *cert. denied*, 549 U.S. 1313 (2007).  In such cases, only the sentencing court has jurisdiction. *Tripati*, 843 F.2d at 1163; *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000).

In contrast, a prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district where the petitioner is in custody. *Hernandez*, 204 F.3d at 865.  To obtain relief under 28 U.S.C. § 2241, a petitioner in federal custody must show that his sentence is being executed in an illegal, but not necessarily unconstitutional, manner. *See, e.g., Clark v. Floyd*, 80 F.3d 371, 372, 374 (9th Cir. 1995) (§ 2241 proper vehicle to challenge calculation of custodial time credits).

Here, Petitioner claims the BOP has set a schedule of restitution payments that was not established by this Court. (Mot. Compel Court Order at 1).  "Such a claim concerns the manner of the sentence's execution" and is brought pursuant to 28 U.S.C. § 2241. *Robinson v. Trate*, 2023 WL 1930745, at 2 (E.D. Cal. Feb. 10, 2023); *see Montano-Figueroa v. Crabtree*, 162 F.3d 548, 549 (9th Cir. 1998) (per curiam) (§ 2241 proper vehicle to challenge BOP's determination of amount and timing of fine payments); *Whitemore v. Ives*, No. S-09-1526, 2011 WL 6032395, at *3 (E.D. Cal. Dec. 5, 2011) (collecting cases holding that § 2241 is proper vehicle to challenge prison's authority to collect restitution under the IFRP).

While this Court sentenced Petitioner and has jurisdiction to hear his pending Amended § 2255 Motion, it lacks jurisdiction to consider his § 2241 Petition because he is not incarcerated in the District of Nevada. Petitioner is currently incarcerated at United States Penitentiary ("USP") Atwater in Atwater, California. (*See* (Mot. Compel Court Order at 2); BOP, Inmate Locator, https://www.bop.gov/inmateloc/ (last accessed May 23, 2023) (indicating Petitioner is currently held at USP, Atwater). Thus, this Court lacks jurisdiction to consider Petitioner's § 2241 Petition because he is not incarcerated within the District of Nevada.

**IT IS HEREBY ORDERED** that Petitioner's Motion to Compel Court Order of Restitution, (ECF No. 407), is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Correct Case Number, (ECF No. 405), is **DENIED**.

**DATED** this __24__ day of May, 2023.

_____
Gloria M. Navarro, District Judge
United States District Court