UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br>          Respondent/Plaintiff, ) <br> vs. ) <br> ) <br> ABDUL HOWARD, ) <br> ) <br>          Petitioner/Defendant. ) <br> ) <br> ) | Case No.: 2:13-cr-00186-GMN-VCF-1 <br><br> **ORDER** |

Pending before the Court is the Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 ("2255 Mot."), (ECF No. 418), filed by Petitioner Abdul Howard ("Petitioner").

For the reasons discussed below, the Court **DISMISSES** Petitioner's § 2255 Motion.[1]

I. **BACKGROUND**

The Court incorporates the background information and procedural history of this case from its previous Order denying Petitioner's Motions to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (*See* Order 1:16–3:2, ECF No. 376). After the Court entered its Order, Petitioner filed an appeal to the United States Court of Appeals for the Ninth Circuit, (*see* Notice Appeal, ECF No. 378), but was denied a certificate of appealability. (*See* Order USCA at 1, ECF No. 384). Petitioner subsequently filed two Motions for Reconsideration, (ECF Nos. 388, 396), which the Court denied. (Orders Denying Reconsideration, ECF Nos. 395, 399).

---

[1] Petitioner's Motion also requests the Clerk of Court send him "any orders ruled or made by the Court in the last 90 days" because he has "not received anything for [his] motion for restitution." (2255 Mot. at 2, ECF No. 418). The Clerk of Court is instructed to mail Petitioner a copy of the Court's Order, (ECF No. 412), denying Petitioner's Motion to Compel Restitution, (ECF No. 407), as well as a copy of the docket sheet.

Petitioner then filed an Amended § 2255 Motion. (ECF No. 402).  After filing his Amended § 2255 Motion, however, Petitioner appealed the Court's second order denying reconsideration, (Order Denying Reconsideration, ECF No. 399), to the Ninth Circuit. (Notice Appeal, ECF No. 403).  The Ninth Circuit remanded "to the district court for the limited purpose of granting or denying a certificate of appealability." (Mem. at 1, ECF No. 406).  The Court then issued an Order denying Petitioner's Amended § 2255 and a certificate of appealability. (*See* Order, ECF No. 416).

Petitioner then filed the instant § 2255 Motion, contending his sentence be vacated based on the United States Court of Appeals for the Second Circuit's decision in *United States v. Chappelle*, 41 F.4th 102 (2d. Cir. 2022), which held that Hobbs Act Robbery is not a crime of violence for sentencing purposes.[2] (2255 Mot. at 1, ECF No. 418).

## II.     LEGAL STANDARD

A motion under U.S.C. § 2255 permits a federal prisoner in custody to collaterally challenge his sentence on the grounds that it was imposed in violation of the Constitution or laws of the United States, or that the Court lacked jurisdiction to impose the sentence or that the sentence exceeded the maximum authorized by law. 28 U.S.C. § 2255.  However, the Antiterrorism and Effective Death Penalty Act "imposes significant limitations on the power of federal courts to award relief to prisoners who file 'second or successive' habeas petitions." *United States v. Lopez*, 577 F.3d 1053, 1059 (9th Cir. 2009).  "A petitioner is generally limited to one motion under § 2255 and may not bring a 'second or successive motion' unless it meets the exacting standards of 28 U.S.C. § 2255(h)." *United States v. Washington*, 653 F.3d 1057,

---

[2] Petitioner's § 2255 Motion states that his Motion is brought "pursuant to *United States v. Chappelle*, No. 20-385 (7th Cir.)" which holds that the "[H]obbs [A]ct does not qualify any longer as a third stack as a crime of violence to enhance defendants sentences." (*Id.*).  "However, there is no Seventh Circuit case called *United States v. Chappelle*, and there is no Seventh Circuit case with docket number 20-3835." *Jefferson v. United States*, No. 22-cv-1407, 2022 WL 17991611, at *6 (E.D. Wis. Dec. 29, 2022).  The case number cited by Petitioner, and the underlying argument Petitioner seeks to advance, refers to the Second Circuit's decision.

1059 (9th Cir. 2011). A motion under Section 2255 is successive if it raises claims that were adjudicated, or could have been adjudicated, on the merits in a previous Section 2255 motion. *See McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009).

If a petitioner files a successive petition, 28 U.S.C. § 2255(h) provides that a second or successive petition must be certified as provided in section 2244 by a panel of the appropriate court of appeals. 28 U.S.C. § 2255(h). The Ninth Circuit must certify that the motion contains either "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or "(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."[3] *Id*. Section § 2244(b)(3)(A), in turn, provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). "If the petitioner does not first obtain [Ninth Circuit] authorization, the district court lacks jurisdiction to consider the second or successive application." *Lopez*, 577 F.3d at 1061. Thus, "[a] second or successive § 2255 petition may not be considered by the district court unless petitioner obtains a certificate authorizing the district court to do so." *Alaimalo v. United States*, 645 F.3d 1042, 1054 (9th Cir. 2011) (citing 28 U.S.C. § 2255(h)).

///

///

///

///

---

[3] "Because § 2255 limits a second or successive petition to Supreme Court cases announcing a new rule of constitutional law," it provides no avenue of relief for Petitioner, who relies on a case decided by a circuit court. *Santos v. Matevousian*, No. 1:16-cv-00374, 2016 WL 1158238, at *3 (E.D. Cal. Mar. 4, 2016).

### III. DISCUSSION

Petitioner has already litigated one § 2255 motion to conclusion as well as various other motions seeking to reopen or reinitiate proceedings under § 2255. (ECF Nos. 337, 363, 368, 388, 396, 402, 418). As Petitioner knows, this Court lacks jurisdiction to consider an unauthorized second or successive motion under 28 U.S.C. § 2255. (*See* Orders, ECF Nos. 395, 399, 416). And here, Petitioner's § 2255 Motion is successive because it challenges the same judgment as previous petitions and raises a claim that was advanced in a previous petition. Specifically, Petitioner's Amended § 2255, (ECF No. 368), argued that Hobbs Act Robbery is not a crime of violence.[4] (Am. § 2255 Mot. 8:20–17:23, ECF No. 368). "Just as [Petitioner] may not file multiple § 2255 motions, the Court cannot create multiple § 2255 motions for him to negate the rules against second and successive petitions." *Barroca v. Sanders*, No. 12-cr-4146, 2012 WL 5350258, at *3 (N.D. Cal. Oct. 29, 2012). Moreover, the other complicating issue is that one of Petitioner's § 2255 motions has not yet reached finality because it is on appeal in the Ninth Circuit. (Not. Appeal, ECF No. 399). When the Ninth Circuit has jurisdiction over a case, the district court does not. *See Williams v. Woodford*, 384 F.3d 567, 586 (9th Cir. 2004).

Because Petitioner has not demonstrated that the Ninth Circuit authorized his filing of a successive petition as required by § 2255(h), this Court lacks jurisdiction to consider his § 2255 Motion and must therefore dismiss it. *See United States v. Lopez*, 577 F.3d 1053, 1061 (9th Cir. 2009) ("If the petitioner does not first obtain our authorization, the district court lacks jurisdiction to consider the second or successive application.") (citing *Burton v. Stewart*, 549

---

[4] Further, the Court's Order denying Petitioner's Amended 2255 Motion specifically explained that Petitioner's Hobbs Act offense was not used as a basis for this third strike. (Order 5:23–7:6, ECF No. 376). In *Chappelle*, the Second Circuit held that under the career offender provision of the United States Sentencing Guidelines (U.S.S.G. § 4B1.1(2)(a), which categorizes a defendant as a career offender if he has two prior felony convictions for a crime of violence or a controlled substances offense), a Hobbs Act robbery is not categorically a "crime of violence." *Id.* at 104. Because the Court's Order made clear it did not rely on Petitioner's Hobbs Act offense, *Chappelle* is not applicable.

U.S. 147, 152–53 (2007); *Washington*, 653 F.3d at 1065 (holding that district court lacked jurisdiction to consider petitioner's successive § 2255 motion because the Ninth Circuit had not issued a certificate authorizing such a motion).

### IV.   CONCLUSION

Ninth Circuit Rule 22-3(a) provides that if "a second or successive" petition or motion, or "an application for authorization to file [such a petition or] motion, is mistakenly submitted to the district court, the district court shall refer it to the court of appeals." Having found Petitioner's § 2255 Motion to be second or successive, **IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under § 2255, (ECF No. 418), is **DISMISSED** and the Clerk of Court is directed to refer the matter to the Ninth Circuit pursuant to Rule 22-3(a).

**IT IS FURTHER ORDERED** that the Clerk of Court is instructed to mail Petitioner a copy of the Court's Order, (ECF No. 412), denying his Motion to Compel Restitution, (ECF No. 407), as well as a copy of the docket to the address listed on the docket.

**DATED** this __17__ day of July, 2023.

_____
Gloria M. Navarro, District Judge
United States District Court