UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br>vs.<br><br>ABDUL HOWARD,<br><br>               Defendant. | Case No.: 2:13-cr-00186-GMN-VCF-1<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION** |

Pending before the Court is the Motion for Sentence Reduction ("MSR"), (ECF No. 421), filed by Defendant Abdul Howard. The Court appointed Defendant counsel, (Order Appointing Counsel, ECF No. 427), who subsequently filed a Supplement to Defendant's MSR, (ECF No. 438). The Government filed a Response, (ECF No. 441). Further pending before the Court is the Motion to Seal, (ECF No. 439), filed by Defendant.

For the reasons discussed below, the Court **DENIES without prejudice** Defendant's Motion for Sentence Reduction because he has not met his burden of showing extraordinary and compelling reasons warranting such a reduction. The Court **GRANTS** Defendant's Motion to Seal Medical Records.[1]

I. **BACKGROUND**

In June 2014, a jury found Defendant guilty on Counts 1–27 of the Superseding Indictment: 14 counts of Interference with Commerce by Robbery (Hobbs Act Robbery) in violation of 18 U.S.C. § 1951; 12 counts of Possession of a Firearm During, in Relation to, and

---

[1] The exhibit Defendant seeks to seal contains his confidential medical records. Defendant's interest in preserving his medical privacy outweighs the public's need for direct access to the medical records. *See Howard v. Cox*, No. 2:17-cv-01002, 2021 WL 4487603, at *2 (D. Nev. Sept. 30, 2021). Accordingly, the Court finds good cause to seal the records. *See, e.g., Johnson v. Tambe*, No. 19-141-TSZ-MLP, 2019 WL 4014256, at *2 (W.D. Wash. Aug. 26, 2019) (finding "Plaintiff's privacy interest in his own medical records to be a sufficiently compelling reason to seal the medical records themselves").

in Furtherance of a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A); and one count of Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (*See* Mins. Proceedings, ECF No. 187); (Judgment ("J."), ECF No. 252).  On January 8, 2015, he was sentenced to 15 years custody as to Count 25 (Felon in Possession of a Firearm), to run concurrently to all other counts; 240 months custody as to Count 27 (Hobbs Act Robbery), to run concurrently to all other counts; life imprisonment as to Counts 1, 3, 5, 7, 9, 11, 13, 15, 17, 19, 21, 23, and 26 (Hobbs Act Robbery), to run concurrently to all other counts; and life imprisonment as to Counts 2, 4, 6, 8, 10, 12, 14, 16, 18, 20, 22, and 24 (Possession of a Firearm During, in Relation to, and in Furtherance of a Crime of Violence), to run consecutively to all other counts. (*See* J.).  Defendant has now filed the instant *pro se* Motion for Sentence Reduction, (ECF No. 421).  The Court appointed CJA counsel Lisa Rasmussen to assist with his motion. (Order Appointing Counsel, ECF No. 427).

## II.       LEGAL STANDARD

Under 18 U.S.C. § 3582(c)(1)(A), a court may, in certain circumstances, grant a defendant's motion to modify his or her term of imprisonment.  Before filing such a motion, the defendant must first petition the Bureau of Prisons ("BOP") for compassionate release. *Id.*  A court may grant the defendant's motion for a modification in sentence only if the motion was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf" or after 30 days have lapsed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

If the exhaustion requirement is met, a court may modify or reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C.] section 3553(a)" if the Court finds, as relevant here, that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*  As the movant, the defendant bears the burden to establish that

he is eligible for compassionate release. *See United States v. Wright*, 46 F.4th 938, 951 (9th Cir. 2022).

The Sentencing Commission has recently issued guidelines regarding when "extraordinary and compelling reasons" exist for compassionate release. U.S.S.G. § 1B1.13(b). The Guidelines note several relevant circumstances, including (1) the medical circumstances of the defendant; (2) the advanced age of the defendant resulting in "a serious deterioration in physical or mental health;" (3) "[t]he death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care;" (4) whether the defendant, while in custody, was the victim of sexual or physical abuse; and (5) "other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." *Id.*

## III. DISCUSSION

The Government does not dispute that Defendant has exhausted his administrative remedies. (Resp. 3:9, ECF No. 441). As such, the Court turns to whether Defendant has shown extraordinary and compelling reasons warranting a sentence reduction. Defendant argues compassionate release is warranted for three reasons: (1) there may be a sentencing disparity between the sentence he received and the sentence he would likely receive under present sentencing law; (2) his only daughter and only aunt have cancer; and (3) he suffers from serious medical issues including spinal canal stenosis, cysts, hypertension, high cholesterol, and anemia. (MSR at 3). As a result of his conditions, he uses a walker. (*Id.*).

### A.   Sentencing Disparity Following Passage of the First Step Act ("FSA")

First, Defendant argues that a sentence reduction is warranted because his sentence may have been impermissibly "stacked" as to his convictions under 18 U.S.C. § 924(c). (MSR at 2). Defendant's counsel did not address this stacking argument in the

Supplement.  In rebuttal, the Government contends that because "he properly received life sentences under 18 U.S.C. § 3559(c) for his Hobbs Act robbery convictions, no reduction below a life sentence is warranted." (Resp. 6:16–19).

Section 924(c) penalizes a person who "during and in relation to any crime of violence . . . for which the person may be prosecuted in a court of the United States" uses or carries a firearm or possess a firearm in furtherance of the crime. 18 U.S.C. § 924(c)(1)(A).  Prior to the FSA, prosecutors could "stack" multiple counts of § 924(c) firearm violations, which resulted in defendants without previous convictions being charged for both a first offense—carrying a five-year mandatory minimum—and a "second or subsequent offense" —carrying a mandatory twenty- or twenty-five-year sentence, to be served consequently—in the same indictment. *United States v. Jones*, 482 F. Supp. 3d 969, 978 (N.D. Cal. 2020) (citing *Deal v. United States*, 508 U.S. 129, 132 (1993)).  Thus, someone convicted of two § 924(c) counts in a single offense automatically faced a minimum sentence of 25 to 30 years.

In 2018, Congress enacted the FSA.  Section 403(a) of the FSA revised § 924(c) by eliminating the twenty-five-year stacking provision for a "second or subsequent count of conviction" under § 924(c).  Instead, the twenty-five-year mandatory-minimum sentence applies only on a second § 924(c) conviction if the defendant has a prior § 924(c) conviction that has become final.  The FSA did not make § 403(a) retroactive. *See* FSA § 403(b).  However, in *United States v. Chen*, the Ninth Circuit held that "district courts may consider non-retroactive changes in sentencing law, in combination with other factors particular to the individual defendant, when analyzing extraordinary and compelling reasons for purposes of § 3582(c)(1)(A)." 48 F.4th 1092, 1098 (9th Cir. 2022).  The *Chen* court further articulated that "[t]here is no textual basis for precluding district courts from considering non-retroactive changes in sentencing law when

determining what is extraordinary and compelling." *Id.* Accordingly, pursuant to *Chen*, this Court must consider the changes in sentencing law to determine whether "extraordinary and compelling" purposes exist.

In this case, Defendant was sentenced to "Life as to Counts 2, 4, 6, 8, 10, 12, 14, 16, 18, 20, 22, 24, consecutive to all other counts." (J. at 3). Defendant was therefore not subject to the stacking of his § 924(c) charges. If Defendant's sentences had been stacked, his second and subsequent § 924(c) offenses would have had a higher penalty than his first, with the requirement that they be served consecutively.

### B. Family Circumstances of Defendant

Defendant's second argument for extraordinary or compelling circumstances is that his only aunt has cancer, as does his adult daughter. (MSR at 4). The Supplement filed by his counsel does not address this argument, and neither does the Government.

A defendant's family circumstances can constitute an extraordinary and compelling reason for compassionate release. U.S.S.G. § 1B1.13(b)(3). Specifically, extraordinary and compelling reasons may exist under § 1B1.13(b)(3)(A) if a child who is 18 years or older is "incapable of self-care because of a mental or physical disability or a medical condition." Defendant has not claimed, much less established, that his adult daughter is incapable of self-care because of her cancer diagnosis.

Incapacitation of an "immediate family member" may also constitute a reason for release, but must be a child, spouse or registered partner, parent, grandchild, grandparent, or sibling. U.S.S.G § 1B1.13(b)(3)(B)–(D). Defendant's aunt does not qualify as an immediate family member constituting a possible circumstance for relief. Thus, the Court DENIES Defendant's Motion for Sentence Reduction based on his family circumstances.

### C. Defendant's Medical Conditions

Defendant's third argument is that his medical conditions constitute an extraordinary and compelling reason for a sentence reduction. (Supp. 3:24–4:4). An image of Defendant's spine revealed spondyloarthropathy of his lower vertebrae with canal stenosis. (*Id.* 3:25–36); (Med. Records at 2, 37, ECF No. 443). Defendant uses a walker. (*Id.* 4:1–2); (Med. Records at 21, 30). He also has cysts on his testicles and suffers from high cholesterol, hypertension, a hemorrhage that he claims to need surgery for, and is anemic. (*Id.* 3:26–4:1); (Med. Records at 2–3, 42); (MSR at 3).

Defendant's MSR also states that he has cancer, but this information is not in the Supplement nor listed as part of Defendant's February 2024 health assessment. (*See* MSR at 3); (Med. Records at 2–3). Defendant bears the burden of establishing extraordinary and compelling reasons warranting compassionate release. *United States v. Wright*, 46 F.4th 938, 951 (9th Cir. 2022). Without medical documentation, the Court cannot verify whether Defendant is currently suffering from cancer, or to what extent it is affecting his daily activities. *See United States v. Enos*, No. 19-cr-00028, 2023 WL 4420272, at *3 (D. Haw. July 10, 2023) (denying the defendant's compassionate release motion in part because the defendant did not provide medication documentation to support the severity and symptoms of his medical condition). In response, the Government argues that despite these health issues, Defendant does not qualify for a reduced sentence because he did not claim that he is unable to provide self-care or that he is not being provided with medical care. (Resp. 7:9–12).

The medical condition of a defendant may be an extraordinary and compelling reason if they are "(I) suffering from a serious physical or medical condition, (II) suffering from a serious functional or cognitive impairment, or (III) experiencing deteriorating physical or mental health because of the aging process." U.S.S.G. § 1B1.13(b)(1)(B). However, the medical condition must "substantially diminish[] the ability of the defendant to provide self-

care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.* A medical condition may further qualify if it "requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." U.S.S.G. § 1B1.13(b)(1)(C).

In this case, the Court notes that Defendant suffers from a long list of medical ailments. He provided over 300 pages of medical records documenting his various appointments, conditions, and prescriptions. However, serious medical conditions may only qualify for a sentence reduction if they "substantially diminish" a defendant's ability to provide self-care, and that the defendant is not expected to recover. *See* U.S.S.G. § 1B1.13(b)(1)(B). Neither Defendant's original MSR, nor his counsel's Supplement, allege that these requirements are met. Defendant categorized his pain levels last November as "severe," but does not allege or otherwise imply that his pain level is substantially diminishing his ability to provide self-care. (Supp. 4:2–3) (citing Med. Records at 44). Defendant's medical conditions also do not qualify under § 1B1.13(b)(1)(C) because he makes no argument that the prison is not providing his long-term or specialized medical care. In fact, his medical records seem to show the opposite.

In sum, Defendant has not met his burden to show that "extraordinary and compelling reasons" warrant a reduction of his sentence. Because the Court does not find reasons warranting a reduction of his sentence, it need not address the § 3553(a) factors. *See United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021).

///

///

///

///

///

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion for Sentence Reduction, (ECF No. 421), is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Seal, (ECF No. 439), is **GRANTED.** Defendant's Sealed Exhibit, ECF No. 443, shall remain under seal.

**DATED** this __2__ day of May, 2024.

_____
Gloria M. Navarro, District Judge
United States District Court