UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> ABDUL HOWARD, ) <br> ) <br> Defendant. ) <br> ) | Case No.: 2:13-cr-00186-GMN-VCF <br><br> **ORDER GRANTING MOTION TO EXTEND TIME TO FILE APPEAL** |

On May 2, 2024, the Court entered an Order, (ECF No. 444), denying Defendant Abdul Howard's Motion for Sentence Reduction. Twenty-seven days after entry of the Court's Order, Defendant filed a Notice of Appeal. (Not. Appeal, ECF No. 445). Over a month later, Defendant then filed a Motion for Leave to File Appeal Under Federal Rule of Appellate Procedure ("Fed. R. App. P.") 4(b)(1)(A)(i). (Mot. Leave File Appeal, ECF No. 456). Fed. R. App. P. 4(b)(1)(A) requires a notice of appeal to be filed within 14 days of the entry of the order being appealed. Even considering timeliness pursuant to Rule 4(c), which applies to an appeal by an inmate confined in an institution, Defendant's appeal is untimely. Defendant does not contend his appeal is timely; instead, he argues the period for him to appeal should be reopened under the limited exception set forth in Fed. R. App. 4(a)(6) because he did not receive notice of the Court's Order due to being moved to a new prison. (*See generally id.*).

Ordinarily, a lack of actual knowledge that judgment was entered has no effect on the deadline for filing a notice of appeal. *See* Fed. R. Civ. P. 77(d)(2). But there is a "limited exception" set forth in Fed. R. App. 4(a)(6). *Nguyen v. Sw. Leasing & Rental Inc.*, 282 F.3d 1061, 1064 (9th Cir. 2002). This exception gives a district court discretion to reopen the time to file an appeal if:

  (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

  (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil procedure 77(d) of the entry, whichever is earlier; and

  (C) the court finds that no party would be prejudice.

Fed. R. App. P. 4(a)(6).  "[W]here a moving party makes an unchallenged assertion that he did not receive timely notice of judgment, and the other Rule 4(a)(6) conditions are not at issue, a district court errs in denying the motion to reopen based solely on the party's failure to learn independently of the entry of judgment." *United States v. Withers*, 538 F.3d 1055, 1061–62 (9th Cir. 2011).

  Here, all three elements are satisfied.  First, the Court accepts Defendant's assertion that he did not receive notice of the entry of judgment until it was too late for him to file an appeal. The Court's finding is supported by the Government's non-opposition. *See Lewis v. Garcia*, No. 2:20-cv-00399, 2021 WL 677866, at *3 (E.D. Cal. Feb. 22, 2021) (finding the plaintiff's contention that he did not receive timely notice of the court's order was credible, especially where his "assertion [was] unchallenged]") (citing *Withers*, 538 F.3d at 1061–62).  Second, his request to reopen the time to appeal was filed within 180 days after judgment was entered. Third, the Court does not find that the Government would be prejudiced if it granted the request.  Therefore, the Court will exercise its discretion and grant Defendant's request to reopen the time to appeal.

  Accordingly,

  **IT IS HEREBY ORDERED** that Defendant's Motion for Leave to File Appeal Under Fed. R. App. 4(a), (ECF No. 456), is **GRANTED**.  The time for Defendant to appeal from the Court's Order, (ECF No. 444), is, therefore, reopened for a period of fourteen (14) days from

the date of entry of this Order. The Clerk of Court shall serve a copy of this Order on the Ninth Circuit.

**IT IS FURTHER ORDERED** that Defendant's Motion for Request of Documents Filed, (ECF No. 455), is **DENIED without prejudice**. Defendant's address listed on the docket is for a facility he allegedly is no longer incarcerated within. Thus, mailing documents to that facility is futile. Defendant may refile his motion after he files an updated mailing address on the docket.

**DATED** this __16__ day of July, 2024.

_____
Gloria M. Navarro, District Judge
United States District Court