UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,           ) | |
|                      Plaintiff,      ) | Case No.: 2:13-cr-00186-GMN-VCF-1 |
|           vs.                        ) | |
|                                      ) | **ORDER DENYING DEFENDANT'S** |
| ABDUL HOWARD,                        ) | **MOTION FOR SENTENCE** |
|                                      ) | **REDUCTION** |
|                      Defendant.      ) | |
|                                      ) | |
|                                      ) | |

Pending before the Court is the Motion for Sentence Reduction ("MSR"), (ECF No. 448), filed by Defendant Abdul Howard.  The Court appointed Defendant counsel, (Order Appointing Counsel, ECF No. 452), who subsequently filed a Notice of Non-Supplementation, (ECF No. 463).  The Government filed a Response, (ECF No. 464).  For the reasons discussed below, the Court **DENIES** Defendant's MSR because he has not met his burden of showing extraordinary and compelling reasons warranting such a reduction.  The Court also **DENIES** his Motion for Re-Appointment of Counsel, (ECF No. 459), because the appointment of a second attorney is unnecessary considering his claims are not complex.

Defendant contends that he should be granted a sentence reduction because his juvenile conviction for Robbery in the Second Degree was improperly used to subject him to a mandatory life sentence under 18 U.S.C. § 3559(c), known as the Three Strikes Act, and that the First Step Act prevents the use of juvenile convictions under section 3559(c). (MSR at 2). The Government responds that there has been no change to the Three Stikes Act since 2006, before Howard's convictions, and that there is no indication that a change in law has invalidated the Court's imposition of a mandatory life sentence. (Gov. Resp. 3:20–4:2).  The Court agrees with the Government.

A defendant bears the burden of proving that "extraordinary and compelling reasons" exist to support his motion for sentence reduction, and the Defendant has not done so here. *See* 18 U.S.C. § 3582(c)(1)(A); *United States v. Wright*, 46 F.4th 938, 951 (9th Cir. 2022). Defendant failed to provide case law or statutory authority supporting his contention that the First Step Act requires a sentence reduction when a juvenile conviction is considered as part of 18 U.S.C. § 3559(c). And as the Government pointed out, the current version of 18 U.S.C. § 3559(c) has remained unchanged since 2006, before the First Step Act and before Defendant was sentenced. *See* 18 U.S.C. § 3559(c) (effective July 27, 2006).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Sentence Reduction, (ECF No. 448), and Motion for Re-Appointment of Counsel, (ECF No. 459), are **DENIED**.

**DATED** this   15   day of August, 2024.

_____
Gloria M. Navarro, District Judge
United States District Court